**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                   **4:07-CR-00086-24-JMM**

**CECIL WILLIAMS**

### ORDER

Pending are Defendant's Motions to Reduce Sentence Under 18 U.S.C. § 3582 (Doc. Nos. 815, 886, and 895), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction (Amendment 750).

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. If a defendant is not serving a sentence based on the drug quantity table, there is no basis for the Court to exercise its discretion to grant a sentence reduction.[2]

According to the plea agreement, the parties stipulated that Defendant was responsible for between 3 and 4 grams of crack cocaine, which established a base offense level of 20.[3] They also agreed to a 2-level enhancement for having a gun and a 3-level reduction for acceptance. These stipulations resulted in a Guidelines range of 63-78 months.[4]

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).

[2] U.S.S.G. § 1B1.10(a)(1).

[3] Doc. No. 321. The plea agreement noted that the base offense level was 22, but Amendment 706, which was adopted between the time Defendant pled guilty and was sentenced, lowered the base offense level to 20.

[4] Defendant was a criminal history category VI.

On February 1, 2008, Defendant was sentenced to 84 months in prison.[5]  Although his Guidelines range was 63-78 months,[6] Defendant's sentence was based on an agreement with both federal and state prosecutors.  Defendant's counsel noted that the state prosecutor would agree to dismiss the state charges if Defendant served 84 months in federal prison.  I asked counsel if he wanted me to give Defendant 84 months in order to comply with the deal made with the state prosecutor, he said yes.  In his motion, Defendant concedes that the 84-month sentence was based on his agreement with state prosecutors.[7]

Since Defendant's 84-month sentence was based on an agreement with federal and state prosecutors and not based on the Guidelines range, Defendant is not eligible for a reduction under Amendment 750.  Accordingly, Defendant's Motions to Reduce Sentence Under 18 U.S.C. § 3582 (Doc. Nos. 815, 886, and 895) are DENIED.

IT IS SO ORDERED this 19th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Doc. Nos. 390, 391.

[6] His base offense level was 20.  With a 2-point enhancement for a gun and a 3-point reduction for acceptance, the total offense level was 19.  Defendant's criminal history category was VI.

[7] Doc. No. 895.